{¶ 56} Being unable to agree with the majority's sustaining of the seventh assignment of error, I must respectfully dissent.
 {¶ 57} The majority based its reversal of the seventh assignment of error relying on the language and rationale ofState v. Lorraine, Trumbull App. No. 2003-T-0159,2005-Ohio-2529. In Lorraine, the reviewing court found, as does the majority here, that the Atkins and Lott cases "when read in context with Sup.R. 20 appeared to establish a special category for the appointment of counsel regarding the determination of mental retardation in capital cases, which would require the appointment of two certified attorneys to represent a capital defendant in a Lott case undertaking." See Lorraine,
at ¶ 49. This view is based upon the observation that on post-conviction relief, the appellant here is having the first opportunity to present a "constitutional issue," in the trial court. However, nothing in the Lott decision indicates that this first opportunity to present the mental retardation issue, requires the appointment of two attorneys in a post-conviction relief proceeding. Indeed, the only adjustment recognized by the Ohio Supreme Court in Lott was to take what was in fact a successive petition for post-conviction relief (with a clear and convincing burden of proof for the petitioner) and say that it is more akin to a first petition which would require only a preponderance of the evidence burden of proof. See Lott, at 306. What is more relevant to the question presented here, however, is the fact that the Ohio Supreme Court in Lott
specifically requires that a petitioner in an Atkins
post-conviction claim be governed by the procedures specifically set forth by R.C. 2953.21. R.C. 2953.21(I)(2) explicitly provides that the court shall appoint as counsel "only an attorney" who is certified pursuant to Sup.R. 20. Although the majority quotes from Sup.R. 20, it is clear that other than setting forth the qualifications for certification of counsel in a capital case, Sup.R. 20 does not portend to govern procedures of post-conviction relief. Indeed, both the Ohio Supreme Court inLott and the legislature by way of R.C. 2953.21 provide otherwise. Furthermore, there is no due process right to appointed counsel for a death penalty post-conviction proceeding.Murray v. Giarratano (1989), 492 U.S. 1, 109 S.Ct. 2765,106 L.Ed.2d 1. The interplay between the rules of superintendence and the post-conviction statute, as it relates to appointed counsel, is appropriately recognized in State v. D'Amborsio (Mar. 16, 2000), Cuyahoga App. No. 75076, wherein the court stated that in any post-conviction proceeding, the defendant has only the rights granted by the legislature. Ohio statutory law provides that an indigent defendant who received the death penalty is entitled to appointed counsel for filing a motion for post-conviction relief, R.C. 2953.21(I)(1), and the appointed counsel must be certified to represent defendants charged with the death penalty under the rules of superintendence. However, nowhere in R.C. 2953.21 has the legislature required the appointment of two attorneys for this purpose.
 {¶ 58} Appellant has argued that a trial defendant presenting the issue of mental retardation in the trial court would have a right to two attorneys, whereas a post-conviction defendant presenting the same issue would only have one attorney. However, that is true of any defendant presenting any factual issue to a trial court under post-conviction relief, which is a statutorily created meaningful corrective process, but certainly not a trial. Other differences pertain also like the inability of a petitioner to raise ineffectiveness of counsel in post-conviction and the fact that the petitioner does not have a jury trial of the issue. It is simply a different and statutorily controlled protective process.
 {¶ 59} To agree with the majority would be to enlarge Sup.R. 20 not only beyond its words but into an area reserved specifically for the legislature.
 {¶ 60} This dissent does not speak to the wisdom of providing two certified counsel for Atkins/Lott trial court presentations on post-conviction relief, and I am acutely aware of the many fine reasons for doing so raised by appellant's brief. However, I do not agree that the appointment of two attorneys is either constitutionally required or appropriate under Ohio law without further legislative action. I cannot find that a trial judge abuses his or her discretion by applying the law of Ohio as it currently exists.
 {¶ 61} Therefore, I would overrule assignment of error number seven.
 {¶ 62} As to assignment of error number one, I believe that the trial court has given due consideration to appellant's evidence but on balance simply did not find it persuasive. Again, I would affirm.